UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LARRY EUGENE CASON, JR., a/k/a
Woo Baby,
            *Defendant-Appellant.*

No. 03-4526

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-375)

Submitted: April 2, 2004

Decided: April 21, 2004

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

James Edward Quander, Jr., Winston-Salem, North Carolina, for
Appellant. Randall Stuart Galyon, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Larry Eugene Cason, Jr., appeals his conviction pursuant to a guilty plea and 240-month sentence for one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but presenting one issue for review. Cason has filed a supplemental pro se brief raising several issues. We grant Cason's motion to file an additional amended supplemental brief and have considered the issue raised in it. For the reasons stated below, we affirm.

Cason claims the district court did not comply with Fed. R. Crim. P. 11 in conducting the guilty plea colloquy. This court generally reviews the adequacy of a guilty plea proceeding de novo. *See United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Rule 11 violations, however, are reviewed under a harmless error standard. *See id.* Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. *See* Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the thorough colloquy and find no reversible error.

Cason, through counsel and again in his supplemental brief, claims the district court erred in denying his motion to withdraw his guilty plea. The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.* Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3)

whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.*

Although all the factors in *Moore* must be given appropriate weight, the central question is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and has emphasized that an appropriately conducted guilty plea proceeding raises a strong presumption that the plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). We conclude that the district court did not abuse its discretion in denying Cason's motion.

Cason contends that he was denied the right to counsel when the district court did not continue the hearing on his motion to withdraw his guilty plea so that Cason could obtain new counsel. A district court's denial of a motion for continuance to allow substitution of counsel when a defendant seeks to withdraw a plea is subject to review for abuse of discretion. *United States v. Attar*, 38 F.3d 727, 735 (4th Cir. 1994). Cason did not move for a continuance, and thus argues that the court should have continued the hearing sua sponte. We conclude that the district court did not abuse its discretion in failing to do so.

Next, Cason claims that the district court denied him the right to counsel when it prevented him from consulting with counsel in the midst of his testimony at sentencing. We find this situation to be controlled by *Perry v. Leeke*, 488 U.S. 272 (1989), and find that Cason had no right to consult with counsel during his own testimony. Accordingly, the district court did not err.

Finally, Cason raises several additional claims of error. However, Cason's plea agreement contained a waiver of appellate rights. A defendant may waive the right to appeal if that waiver is a knowing

and intelligent decision to forgo the right to appeal. *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. *Id.* Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990). The district court established that Cason understood he was forgoing the right to appeal, and Cason has not shown that the waiver should not be enforced against him. Therefore, the waiver bars our review of any of his remaining claims.

Accordingly, we affirm Cason's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*